UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JORDAN RANDOLPH,

                        Plaintiff,

                                                          DECISION AND ORDER

                                                          09-CV-6597L

                      v.

JIM LINDSAY,
Deputy Superintendent of Programs,
J. COLOSANTI,
Correctional Sergeant, in their Individual Capacity,

                        Defendants.
_____

      Plaintiff, Jordan Randolph, appearing *pro se*, commenced this action under 42 U.S.C. § 1983 on November 24, 2009. Plaintiff, who at all relevant times was an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), has sued Jim Lindsay, the Deputy Superintendent of Programs for DOCS, and Correctional Sergeant J. Colosanti, alleging violations of plaintiff's Fourteenth and Eighth Amendment rights in connection with certain events that occurred in 2008, while plaintiff was confined at Orleans Correctional Facility.

      Defendants have moved to dismiss the complaint on the ground that plaintiff's complaint does not comply with the pleading requirements of Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure. In response, plaintiff has moved for leave to amend his complaint. Defendants have not responded to plaintiff's motion.

## DISCUSSION

      As recently explained by the Court of Appeals for the Eleventh Circuit,

> [u]nder the Prison Litigation Reform Act, a court must dismiss a prisoner's civil rights complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; *id.* § 1915(e)(2). To properly state a claim, a plaintiff must file a complaint containing a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In addition, Federal Rule of Civil Procedure 10(b) requires a plaintiff to state claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and, when it will promote clarity, requires the plaintiff to limit each claim to "a separate transaction or occurrence." Fed.R.Civ.P. 10(b).

*Helt v. Palm Beach County Sheriff's Office*, 387 Fed.Appx. 938, 939 (11th Cir. 2010).

In this case, plaintiff's original complaint consists of twelve and a half pages of single-spaced, unnumbered paragraphs. Defendants contend that the complaint also fails to comply with Rule 8(a), characterizing it as "loosely drawn, verbose and poorly organized." Decl. of Derrick J. Robinson (Dkt. #15-2) at 3, ¶ 12.

Plaintiff's proposed amended complaint (Dkt. #17-2) runs to twenty-three pages, but it is double-spaced and the factual allegations are set forth in numbered paragraphs. The factual allegations are also reasonably clear. Although somewhat lengthy, then, the proposed amended complaint does appear to comport with the requirements of the Federal Rules.

Rule 15(a) directs courts to freely grant leave to amend a pleading "when justice so requires." While the grant or denial of such an amendment is within the discretion of the court, leave to amend should thus generally be granted, absent some particular reason to deny it, such as undue delay, bad faith, or prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *SCS Communications, Inc. v. Herrick Co., Inc.*, 360 F.3d 329, 345 (2d Cir. 2004).

While *pro se* litigants are not exempt from compliance with the Federal Rules, the court must also keep in mind that a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008). "The policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of

their lack of legal training.'" *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

In light of these considerations, and in the absence of any opposition by defendants to plaintiff's motion for leave to amend, the Court grants plaintiff's motion. Since the proposed amended complaint appears to cure the pleading deficiencies underlying defendants' motion to dismiss, that motion is denied.

## CONCLUSION

Defendants' motion to dismiss the complaint (Dkt. #15) is denied.

Plaintiff's motion for leave to amend the complaint (Dkt. #17) is granted. The Clerk of the Court is directed to file plaintiff's proposed amended complaint (Dkt. #17-2) as plaintiff's amended complaint.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 1, 2011.