UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JORDAN RANDOLPH,

                              Plaintiff,

                                                                            DECISION AND ORDER

                                                                            09-CV-6597L

                              v.

JIM LINDSAY, Deputy Superintendent
of Programs,
J. COLOSANTI, Correctional Sergeant,
in their Individual Capacity,

                              Defendants.
_____

       Plaintiff, Jordan Randolph, appearing *pro se*, filed this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision, has sued two defendants, Jim Lindsay and J. Colosanti, alleging that they violated his consitutional rights in 2008, while plaintiff was confined at Orleans Correctional Facility ("Orleans"). Defendants have moved to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

       Defendants' motion is granted. The gist of plaintiff's claim is that as a result of a misbehavior report issued against him by defendant Colosanti, who at all relevant times was a correctional sergeant at Orleans, he was sentenced by defendant Lindsay, the Deputy Superintendent of Programs at Orleans, to 120 days in keeplock status, with loss of privileges. *See* Complaint Ex. N. That penalty was later overturned on administrative appeal, and plaintiff was released from keeplock after serving 71 days of his sentence. *See* Complaint Ex. P.

Plaintiff alleges that his due process rights were violated in a number of respects in connection with the disciplinary proceedings that led to his confinement in keeplock. He also appears to allege that the misbehavior report filed by Colosanti was false or unfounded.

None of those allegations state a facially valid constitutional claim. As to plaintiff's due process claims, "[t]he Second Circuit has held that absent unusual circumstances, ... confinement of less than 101 days is not considered an 'atypical and severe hardship' giving rise to a constitutionally protected liberty interest." *Rivera v. Lempke*, 810 F.Supp.2d 572, 575 (W.D.N.Y. 2011) (citing *Ortiz v. McBride*, 380 F.3d 649, 654–55 (2d Cir. 2004)). Although plaintiff asserts–with no supporting factual allegations–that his confinement to keeplock for 71 days was in itself atypical enough to implicate a protected liberty interest under *Sandin v. Conner*, 515 U.S. 472 (1995), that conclusory assertion is insufficient to save this facially defective claim.

Plaintiff has not alleged facts showing that the conditions of his confinement were in any way unusual or atypically harsh. *See Williams v. Goord*, 111 F.Supp.2d 280, 288-89 (S.D.N.Y. 2000) (finding 75 days not atypical). The fact that plaintiff lost his privileges during that confinement also fails to give rise to a protected liberty interest. *See Borcsok v. Early*, 299 Fed.Appx. 76, 78 (2d Cir. 2008) ("Borcsok's confinement and loss of privileges did not rise to a liberty interest, warranting procedural due process protection"); *Walker v. Caban*, No. 08 Civ. 3025, 2008 WL 4925204, at *11 (S.D.N.Y. Nov.19, 2008) (holding 90 days in solitary confinement did not implicate protected liberty interest).

To the extent that the complaint can be read as asserting a claim against Colosanti for writing a false misbehavior report, that claim fails as well. It is well established that "the issuance of false misbehavior reports against an inmate by corrections officers is insufficient on its own to establish a denial of due process ... ." *Colantuono v. Hockeborn*, 801 F.Supp.2d 110, 116 (W.D.N.Y. 2011) (citing *Freeman v. Rideout*, 808 F.2d 949, 952 (2d Cir. 1986)) (internal quote omitted).

## CONCLUSION

Defendants' motion to dismiss the complaint (Dkt. #23) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 29, 2012.